THE PEOPLE *ex rel.* Commissioners of Highways of the Town of Hutsonville, Appellants, *vs.* THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY, Appellee.

*Opinion filed October 27, 1915.*

1. HIGHWAYS—*when abandonment of an old road may be presumed.* Where the public has ceased to travel a road and has acquired a new road which accommodates public travel an abandonment of the old road may be presumed.

2. SAME—*commissioners have the power to decide between two roads.* Public authorities having charge of highways are invested with the right to decide between relative advantages of two roads.

3. SAME—*when an old road will be regarded as abandoned.* Where a highway ceases to be used and another is acquired in its place with the consent and approval of the public authorities, and the use of the old road has ceased for a sufficient period to clearly indicate an acceptance by the public of the new highway, the old one will be regarded as abandoned.

4. SAME—*when doctrine of equitable estoppel will be applied.* While mere non-user or adverse possession, alone, cannot divest public rights in a highway, yet where there are circumstances indicating a complete abandonment by the public, and persons in good faith have expended money and so acted that to permit the assertion of the public right would perpetrate a fraud upon them, the doctrine of equitable estoppel will be applied and the public will be bound by the apparent complete abandonment of its rights.

APPEAL from the Circuit Court of Crawford county; the Hon. ENOCH E. NEWLIN, Judge, presiding.

JOSEPH B. CROWLEY, State's Attorney, and PARKER & EAGLETON, for appellants.

P. J. KOLB, (L. J. HACKNEY, and FRANK L. LITTLETON, of counsel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The commissioners of highways of the town of Hutsonville, in Crawford county, filed a petition in the circuit court the object of which was to secure a writ of *mandamus*

requiring the Cleveland, Cincinnati, Chicago and St. Louis Railway Company to construct crossings and approaches for a public highway over its tracks. The railway company answered the petition, a trial was had before the court without a jury and a judgment was rendered in favor of defendant, from which the relators have appealed.

In March, 1906, the railway company was re-constructing its railroad which crossed the highway in controversy. The highway ran east and west and the railway north and south. The railway company owned a tract of land containing about thirty acres adjoining its right of way, which was underlaid with gravel. The public road extended across this thirty-acre tract and the right of way of the railway company. On March 13, 1906, the railway company began to excavate and remove the gravel from the road, and on March 15 the commissioners of highways of the town of Hutsonville filed a bill for an injunction to restrain the railway company from excavating the highway. At the September term, 1906, of the circuit court an order was entered that the cause be dismissed "as per the stipulation in writing filed, which said stipulation is in words and figures as follows." The stipulation stated that by agreement of parties the cause had been settled and all rights between the parties amicably adjusted growing out of the abandonment of the old public highway (describing it) and that a new highway was dedicated, and the description of the new highway was given. The stipulation acknowledged the receipt of the further consideration of $300 paid by the railway company to the commissioners, and it was agreed that the railway company waived all question of damages growing out of the injunction and that the suit might be dismissed at its costs. The railway company excavated and removed dirt and gravel from the thirty-acre tract of land and in so doing excavated across the location of the road. The excavations were of an average depth of about twelve feet below the grade of the former road, rendering it wholly un-

fit for use as a public highway and leaving it in such con-
dition as would require the expenditure of from $1500 to
$3000 to restore it to a passable condition. The new road
mentioned in the stipulation in the injunction suit ran south
from the old road on the west side of the excavation to
the south end of the thirty-acre tract, then east along the
south edge of that tract, crossing the right of way of the
railway company, connecting on the east side with a high-
way running north and south. It has been partially fenced,
the railway company maintaining a crossing over its track
where the new road crosses it. The use of the old road
has ceased entirely and the public travel has been over the
new road continuously until the bringing of this suit.

Where the public has ceased to travel a road and ac-
quired another which accommodates the public travel, an
abandonment of the first road may be presumed. The pub-
lic authorities having charge of the highways are invested
with the right to decide between the relative advantages of
the two roads. Where a highway ceases to be used and
another is acquired in its place with the consent and ap-
proval of the public authorities, and the use of the original
highway has ceased for a sufficient length of time to clearly
indicate an acceptance by the public of the new highway, the
old one will be regarded as abandoned. (*Highway Comrs.*
v. *Kinahan,* 240 Ill. 593.) Mere non-user or adverse pos-
session, alone, cannot divest public rights in public high-
ways, but where there are circumstances indicating a com-
plete abandonment by the public, and persons in good faith
have expended money and so acted toward the premises
that to assert the public rights would be to perpetrate a
fraud upon them, the doctrine of equitable estoppel will be
applied and the public will be held bound by the apparent
complete abandonment of its rights. (*People* v. *City of
Rock Island,* 215 Ill. 488; *Sanitary District of Chicago* v.
*Metropolitan Elevated Railway Co.* 241 id. 622.) Here

the public officials expressly agreed that the road should be abandoned and the new road dedicated in its place and received the further consideration of $300 from the railway company. Since then for years no public right has been exercised in the old road but it has been held adversely to such rights with the acquiescence of the public, and neither the public authorities nor any individual until the present time has sought to prevent such adverse occupation and use.

The propositions of law which were presented to the court by the appellants and refused were based upon the hypothesis that the doctrine of equitable estoppel does not apply to the people or public authorities. They were therefore erroneous and the court did not err in refusing them.

We find no error in the record, and the judgment is affirmed.

                                    *Judgment affirmed.*